# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

| | |
|---|---|
| WILLIAM K. WINKELMEYER, M.D., and BRENDA WINKELMEYER,<br><br>Plaintiffs,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC.; DEPUY PRODUCTS, INC.; DEPUY SYNTHES, INC.; JOHNSON & JOHNSON, INC.; JOHNSON & JOHNSON SERVICES, INC.; and JOHNSON & JOHNSON INTERNATIONAL,<br><br>Defendants. | Case No. 2:13-cv-04058-NKL |

## ORDER

Defendants DePuy Orthopaedic, Inc., DePuy Products, Inc., DePuy Synthes, Inc., Johnson & Johnson, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson International (together, "DePuy") move for reconsideration of the Court's Order (Doc. 28) denying Defendants' motion to disqualify Stephen Li, Ph.D., the expert designated by William K. Winkelmeyer, M.D., and Brenda Winkelmeyer (the "Plaintiffs"). Doc. 30. For the reasons discussed below, the Court denies the motion for reconsideration.

### I. STANDARD

"The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007). The Court has "substantial discretion in ruling on motions for reconsideration," but generally,"'[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Fant v. City of Ferguson, Missouri*, No. 4:15-CV-00253-AGF, 2022 WL 17414956, at *2 (E.D. Mo. Dec. 5, 2022) (quoting

1

*Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted)).

## II. DISCUSSION

DePuy seeks reconsideration of the Court's order denying its motion to disqualify Plaintiffs' expert Dr. Li on the basis of an *in camera* submission that was available to it when it first moved for disqualification. DePuy did not supply or offer to supply in its original motion papers the documents it has now submitted for *in camera* review.[1] Thus, DePuy's motion is not premised on any purportedly newly discovered evidence or error of law or fact, and for that reason alone the motion warrants denial out of hand.

In moving for reconsideration based on evidence it had but did not present with its original motion papers, DePuy in effect seeks a second bite at the apple. But the deadline for the parties to file a motion for disqualification had long passed by the time DePuy's motion papers were filed in this Court. *See* N.D. Tex. No. 3:13-cv-01172-K, Doc. 14 (setting December 26, 2022 deadline for *Daubert* motions). DePuy has not presented any compelling circumstances that would warrant permitting it to make a second attempt at disqualifying Dr. Li months after the deadline for such a motion has passed. *See Shipp v. Murphy*, 9 F.4th 694, 702 (8th Cir. 2021) ("[A] 'schedule may be modified *only for good cause* and with the judge's consent.'" (emphasis added, quoting *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019); citing Fed. R. Civ. P. 16(b)(4))).

In any event, the Court has reviewed the documents submitted for *in camera* inspection and sees no basis in them for altering its conclusion. To the contrary, the *in camera* submission

---

[1] DePuy did offer on reply to submit the documents for *in camera* inspection, but nothing in Plaintiff's response to the motion warranted the belated offer to submit documents for *in camera* inspection. *See Nielsen v. U.S. Bureau of Land Mgmt.*, 252 F.R.D. 499, 528 (D. Minn. 2008) (declining to reach argument made "that th[e] Court should conduct an *in camera* inspection of" documents because "argument was improperly brought up by plaintiff for the first time in his reply, thus preventing defendants from having any opportunity to respond to it").

2

merely confirms what Mr. Inskeep's Declaration showed: sporadic communications over a lengthy period of time in which Dr. Li was paid for sharing his expertise about joint devices generally and even other types of metal-on-metal devices, with Pinnacle devices serving as a comparator. The relatively short submission does not indicate that Pinnacle metal-on-metal devices—the type of device at issue in this lawsuit—was the focus of Dr. Li's advice or work or that Dr. Li's opinions in this case are based on confidential information that DePuy or its attorneys supplied to him (indeed, to the contrary, the documents show that the opinions Dr. Li expressed were formed independently). In short, nothing in the *in camera* submission suggests that it was objectively reasonable for DePuy to conclude that it had a confidential relationship with Dr. Li in connection with Pinnacle metal-on-metal devices.

### III. CONCLUSION

For the reasons discussed above, Defendants' motion for reconsideration (Doc. 30) of the Court's order denying their motion to disqualify Plaintiffs' expert Dr. Li is DENIED.

Dated: April 17, 2023  
Jefferson City, Missouri

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge